ERIC D. HOUSER (CSB No. 130079)
ROBERT W. NORMAN (CSB No. 232470)
HOUSER & ALLISON, A.P.C.
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Telephone: (562) 256-1675
rnorman@houser-law.com

Robert. W. Coykendall, KS# 10137
Will B. Wohlford, KS# 21773
300 N. Mead, Suite 200
Wichita, Kansas 67202-2745
Telephone: (316) 262-2671
rcoykendall@morrislaing.com
wwohlford@morrislaing.com

Julia Gilmore Gaughan, KS# 23919
800 SW Jackson, Suite 1310
Topeka, Kansas 66612-1216
Telephone: (785) 232-2662
jgaughan@morrislaing.com

Attorneys for Plaintiffs Dr. James Sung
and DiaMind USA, LLC

MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
BRIAN LAHTI (CSB No. 278951)
blahti@fenwick.com
ADAM LEWIN (CSB No. 284905)
alewin@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants
SHINHAN DIAMOND AMERICA, INC., SHINHAN DIAMOND INDUSTRIAL CO., LTD., and DITEQ CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JAMES SUNG and DIAMIND USA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SHINHAN DIAMOND AMERICA, INC., SHINHAN DIAMOND INDUSTRIAL CO., LTD., and DITEQ CORPORATION,<br><br>Defendants. | Case No.: 2:14-CV-00530 MWF (Ex)<br><br>Hon. Michael W. Fitzgerald<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING WRITTEN DISCOVERY, ELECTRONIC DISCOVERY AND DEPOSITION TESTIMONY |

Plaintiffs Dr. James Sung and DiaMind USA, LLC ("Plaintiffs") and Defendants Shinhan Diamond Industrial Co., Ltd., Shinhan Diamond America, Inc. and Diteq Corporation (collectively "Defendants") (collectively the "Parties"), by and through their respective counsel of record, hereby submit their

1  [Proposed] Stipulated Protective Order Governing Written Discovery, Electronic
2  Discovery, and Deposition Testimony.
3  1.     PURPOSES AND LIMITATIONS
4         Disclosure and discovery activity in this action are likely to involve
5  production of confidential, proprietary, or private information for which special
6  protection from public disclosure and from use for any purpose other than
7  prosecuting this litigation may be warranted. Accordingly, the Parties hereby
8  stipulate to and petition the court to enter the following Stipulated Protective
9  Order. The Parties acknowledge that this Order does not confer blanket
10 protections on all disclosures or responses to discovery and that the protection it
11 affords from public disclosure and use extends only to the limited information or
12 items that are entitled to confidential treatment under the applicable legal
13 principles.
14 2.     DEFINITIONS
15     2.1    Action: the instant litigation, *Dr. James Sung, et al. v. Shinhan
16 Diamond Industrial Co., Ltd., et al.*, Case No. 14-cv-00530-MWF (Ex) (C.D.
17 Cal.).
18     2.2    Party: any party to this Action, including all of such party's officers,
19 directors, employees, consultants, trustees, authorized agents, Experts, House
20 Counsel, and Outside Counsel (and their respective support staffs).
21     2.3    Disclosure or Discovery Material: all items or information,
22 regardless of the medium or manner generated, stored, or maintained (including,
23 among other things, testimony, transcripts, or tangible things) that are produced or
24 generated in disclosures or responses to discovery in this matter.
25     2.4    "Confidential" Information or Items: information (regardless of how
26 generated, stored, or maintained) or tangible things that qualify for protection
27 under standards developed under Fed. R. Civ. P. 26(c), including information that
28 a Designating Party believes to be of a proprietary business or technical nature

and not readily available to competitors, potential competitors, and/or other third parties.

2.5 "Highly Confidential—Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" information or items the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means. Such information may fall into one or more of the following categories: business plans, business development, trade secrets, market analysis, competitor analysis, customer information, vendor information, internal financial/accounting information, operations information, distributor agreements, license agreements, development agreements, sales agreements, pricing information, cost information, and information regarding business relationships with third parties.

2.6 "Highly Confidential—Prosecution Bar" Information or Items: extremely sensitive technical information or items, including without limitation, research and development materials, product designs, engineering or technical information, non-public product specifications, software, production or manufacturing information, and other non-public technical information.

2.7 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this Action.

2.9 Designating Party: a Party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR."

2.10 Challenging Party: a Party or non-party that challenges the designation of information or items under this Order.

2.11 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR."

2.12 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this Action.

2.13 <u>House Counsel</u>: attorneys who are employees of a Party.

2.14 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.15 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

2.16 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; jury consultation services; trial presentation services, etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 **Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" to each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding (where practicable), all protected testimony and specify any portions of the testimony that qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL—PROSECUTION BAR." Alternatively, the Party or non-party offering or sponsoring testimony may designate portions of the testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" within 10 days from the receipt of the transcript by the Party or non-party and provide its designation in writing to all other Parties. Until the expiration of the 10-day period, the entire transcript shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Subsequently, only those portions of the testimony designated for protection within the 10 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1 <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in

compliance with Civil Local Rule 37.1, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. In no event shall any person receiving Protected Material use it for commercial or competitive purposes, including any use in the preparation and/or prosecution of any new or pending patent application, continuation, divisional, renewal, substitute, or convention application, or any portion thereof, whether design or utility, whether in the United States or abroad, or make any public disclosure of the contents thereof.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Receiving Party's preparation and pursuit of claims and/or defenses in this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5, below, have been followed;

    (d) the court and its personnel;

    (e) court reporters and their staff that transcribe proceedings in this Action;

    (f) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) during their depositions, employees of the Designating Party; and

    (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

   (a) the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

   (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

   (c) the court and its personnel;

   (d) court reporters and their staff that transcribe proceedings in this Action;

   (e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

   (f) during their depositions, employees of the Designating Party;

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL—PROSECUTION BAR" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—PROSECUTION BAR" only to those persons identified in Paragraph 7.3 and who agree to be bound by the restrictions of Paragraph 8, below.

  7.5 <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" Information or Items to Experts.</u>

   (a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or

11

item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR" first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of the court or other body) any dispute resolution proceeding in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 37.1, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the efforts made to resolve

1  the matter by agreement (i.e., the extent and the content of the meet and confer
2  discussions) and sets forth the reasons advanced by the Designating Party for its
3  refusal to approve the disclosure.
4       In any such proceeding, the Party opposing disclosure to the Expert shall
5  bear the burden of proving that the risk of harm that the disclosure would entail
6  (under the safeguards proposed) outweighs the Receiving Party's need to disclose
7  the Protected Material to its Expert.
8  8.    **PROSECUTION BAR**
9       Absent written consent from the Producing Party, any individual who
10 receives or accesses "HIGHLY CONFIDENTIAL—PROSECUTION BAR"
11 information shall not be involved in the prosecution of patents or patent
12 applications relating to the manufacturing and design of diamond cutting tools,
13 including without limitation the patents asserted in this Action and any patent or
14 application claiming priority to or otherwise related to the patents asserted in this
15 action, before any foreign or domestic agency, including the United States Patent
16 and Trademark Office ("the Patent Office"). For purposes of this paragraph,
17 "prosecution" includes directly or indirectly drafting, amending, advising, or
18 otherwise affecting the scope or maintenance of patent claims. To avoid any
19 doubt, "prosecution" as used in this paragraph does not include representing a
20 party challenging a patent before a domestic or foreign agency (including, but not
21 limited to, a reissue protest, reexamination, *inter partes* review, or other post grant
22 review procedure). This Prosecution Bar shall begin when access to "HIGHLY
23 CONFIDENTIAL—PROSECUTION BAR" information is first received by the
24 affected individual and shall end two (2) years after final termination of this
25 action.
26
27
28

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—PROSECUTION BAR," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that Court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another Court.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best

14

efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    11.1 Any production of documents subject to the work product doctrine, the attorney-client privilege, the right of privacy, or any other applicable privilege, shall not constitute a waiver of the protection or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such protection or privilege promptly after the Designating Party discovers such materials have been produced. After notification is received, the Receiving Party shall within 5 business days return to the Designating Party all copies of such documents or destroy them, and shall within 5 business days of notification confirm in writing that all such copies have been returned or destroyed.

    11.2. Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection claimed on the grounds that the privilege or protection was waived by production of the documents. Moreover, the Challenging Party may not retain a copy of the purportedly inadvertently produced materials while challenging the propriety of the privilege or protection claimed.

12. <u>FINAL DISPOSITION</u>

    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this Action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.   MISCELLANEOUS

   13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

   13.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   13.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. If the Court orders, a Party may file the Protected Material under seal.

   13.4   Discovery from Experts. Consistent with Federal Rules of Civil Procedure 26(b)(3)(A) and (B), testifying Experts or consultants shall not be subject to discovery of any draft report or draft declaration in this Action or other

cases and such draft reports or draft declarations, and notes or outlines for draft reports or draft declarations, are also exempt from discovery. No discovery shall be taken from any Expert or consultant who is not designated under Federal Rules of Civil Procedure 26(a)(2) or who does not provide a declaration or testimony in the Action except (1) to the extent that Expert or consultant has provided information, opinions or other materials to an Expert who is designated under Rule 26(a)(2) or who provides a declaration or testimony in the Action, who then relies upon such information, opinions or other materials in forming his or her opinions offered or to be offered in this Action; or (2) to the extent that Expert or consultant provides information or opinions to the Court prior to that Expert's formal disclosure pursuant to Rule 26(a)(2). The parties further stipulate that an Expert or consultant's notes prepared in connection with his or her work on the case shall not be discoverable.

No conversations or communications between Counsel and any Expert or consultant will be subject to discovery unless the conversations or communications are relied upon by such Expert or consultant in formulating opinions that are presented in reports or trial or deposition testimony in this Action. Drafts, communications and other information exempt from discovery under this section shall be treated as attorney-work product for the purposes of this Action and Protective Order and do not need to be logged. Notwithstanding the foregoing, the Parties may seek discovery of an Expert's engagement agreement, invoices submitted by the Expert, fees charged by the Expert, and compensation received by the Expert.

All other materials and information that an Expert considered and/or relied upon will be discoverable, to the extent otherwise permitted by Rule 26(a)(2).

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3  Dated: February 20, 2015

5  Respectfully submitted:                                Respectfully submitted:

6  By: /s/ Julia Gilmore Gaughan                          By: /s/Bryan A. Kohm
       Julia Gilmore Gaughan                                  Bryan A. Kohm

   Robert. W. Coykendall, KS# 10137                       MICHAEL J. SACKSTEDER (CSB
   Will B. Wohlford, KS# 21773                            No. 191605)
   300 N. Mead, Suite 200                                 msacksteder@fenwick.com
   Wichita, Kansas 67202-2745                             Bryan A. Kohm (CSB No. 233276)
   Telephone: (316) 262-2671                              bkohm@fenwick.com
   rcoykendall@morrislaing.com                            Brian Lahti (CSB No. 278951)
   wwohlford@morrislaing.com                              blahti@fenwick.com
                                                          Adam Lewin (CSB No. 284905)
   Julia Gilmore Gaughan, KS# 23919                       alewin@fenwick.com
   800 SW Jackson, Suite 1310                             FENWICK & WEST LLP
   Topeka, Kansas 66612-1216                              555 California Street, 12th Floor
   Telephone: (785) 232-2662                              San Francisco, CA  94104
   jgaughan@morrislaing.com Facsimile:                    Telephone:  415.875.2300
   (316) 262-6226                                         Facsimile:   415.281.1350
   Email: rcoykendall@morrislaing.com
   Email: wwohlford@morrislaing.com
                                                          Attorneys for Defendants
                                                          SHINHAN DIAMOND
   Eric D. Houser (CSB No. 130079)                        INDUSTRIAL CO., LTD, SHINHAN
   Robert W. Norman (CSB No. 232470)                      DIAMOND AMERICA, INC. and
   HOUSER & ALLISON, A.P.C.                               DITEQ CORPORATION
   3780 Kilroy Airport Way, Suite 130
   Long Beach, CA 90806
   Telephone: (562) 256-1675
   rnorman@houser-law.com

   Attorneys for Plaintiffs
   DR. JAMES SUNG and DIAMIND
   USA, LLC

**IT IS SO ORDERED.**

Dated: 2/20/15                                            _/s/ Charles F. Eick_
                                                          Charles F. Eick
                                                          United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ *Dr. James Sung, et al. v. Shinhan Diamond Industrial Co., Ltd., et al.*, Case No. 14-cv-00530-MWF (Ex). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

1  Printed name: _____
2  [printed name]
3
4  Signature: _____
5  [signature]
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28